**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **DUSTIN STRINGER,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **No. 09-71** |
| v. | § | |
| | § | |
| **AMERISTEP CORPORATION,** | § | **JURY TRIAL DEMANDED** |
| **PRIMAL VANTAGE COMPANY, INC.** | § | |
| **and TAHSIN INDUSTRIAL CORP. U.S.A.,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Dustin Stringer, by and through his attorneys of record, Patton, Tidwell & Schroeder, L.L.P., and for his Complaint against Defendants Ameristep Corporation, Primal Vantage Company, Inc. and Tahsin Industrial Corp. U.S.A. would respectfully show unto this Honorable Court as follows:

1. Dustin Stringer is a citizen and resident of Texarkana, Bowie County, Texas.

2. Ameristep Corporation is a Michigan corporation with its principal place of business located at 901 Tacoma Court, Clio, Michigan.  Ameristep Corporation may be served with process by serving its attorney, Jennifer Parker Ainsworth, Wilson, Robertson & Cornelius, P.C., 909 ESE Loop 323, Suite 400, Tyler, Texas 75701.

3. Primal Vantage Company, Inc. is a New Jersey corporation with its principal place of business located at 685 Route 10 East, Randolph, New Jersey 07869.  Primal Vantage Company, Inc. may be served with process by serving its agent Andy Wu, 685 Route 10 East, Randolph, New Jersey 07869.

4.       Tahsin Industrial Corp. U.S.A. is a New Jersey corporation with its principal place of business located at 685 Route 10 East, Randolph, New Jersey 07869.  Tahsin Industrial Corp. U.S.A. may be served with process by serving its President, Robert Wu, 685 Route 10 East, Randolph, New Jersey 07869.

## JURISDICTION AND VENUE

5.       The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).  Defendants are subject to the jurisdiction of this Court as they have engaged in continuous and systematic activities within Texas and specifically within the Eastern District of Texas.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred here.  Plaintiff's damages are in excess of the jurisdictional requirements of this Court.

## FACTS

6.       On or about September 28, 2008, Dustin Stringer was severely injured while climbing into a deer stand.  Although Stringer was equipped with a personal fall arrest system that prevented him from falling to the ground, he suffered serious and permanent injuries when his right arm was caught on a Grizzly Tree Step designed, manufactured, marketed, distributed and/or sold by Defendants.

## STRICT LIABILITY

7.       At all times mentioned herein, Primal Vantage Company, Inc. and Tahsin Industrial Corp. U.S.A. were engaged in the business of designing, manufacturing, marketing, assembling, distributing and/or selling tree steps similar to the one that caused Plaintiff's injuries.

8. Ameristep Corporation, Primal Vantage Company, Inc. and Tahsin Industrial Corp. U.S.A. designed, manufactured, marketed, assembled, distributed and/or placed into the stream of commerce the Grizzly Tree Step that caused Plaintiff's injuries.

9. Ameristep Corporation Primal Vantage Company, Inc. and Tahsin Industrial Corp. U.S.A. sold, marketed or distributed the Grizzly Tree Step that caused Plaintiff's injuries.

10. Ameristep Corporation, Primal Vantage Company, Inc. and Tahsin Industrial Corp. U.S.A. are strictly liable to Plaintiff for designing, manufacturing, marketing, assembling, distributing and/or placing into the stream of commerce the Grizzly Tree Step that injured Plaintiff because it was in a defective condition which rendered it unreasonably dangerous even though it was being used for its intended purpose.  Design and/or manufacturing defects include, but are not limited to, designing and manufacturing a step that created a safety hazard and/or danger and a failure to warn and/or to provide adequate warnings regarding use of the step.  These defects were a producing cause of Plaintiff's damages.

## NEGLIGENCE

11. Ameristep Corporation, Primal Vantage Company, Inc. and Tahsin Industrial Corp. U.S.A. were negligent in the design, manufacture, marketing, assembling and/or distribution of the Grizzly Tree Step in question.  Defendants knew or in the exercise of ordinary care should have known to design and/or manufacture a tree step that did not create a safety hazard and/or danger.  Ameristep Corporation, Primal Vantage Company, Inc. and Tahsin Industrial Corp. U.S.A. were also negligent in failing to warn and/or to provide adequate warnings regarding use of the step.  These failures were a proximate cause of Plaintiff's damages.

## DAMAGES

12. Plaintiff seeks all damages recoverable for the claims asserted herein including, but not limited to, damages for the following:

    a. Past and future medical expenses;

    b. Pecuniary injuries sustained by Plaintiff, including job loss, past and future lost wages and loss of earning capacity;

    c. Damages associated with scars, disfigurement and/or the visible results of the injury;

    d. Pain and suffering, past and future, associated with Plaintiff's injuries; and

    e. Mental anguish, both past and future.

13. Plaintiffs seek the above damages in an amount the jury determines to be fair and reasonable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Dustin Stringer, respectfully requests that Defendant, Ameristep Corporation, Primal Vantage Company, Inc. and Tahsin Industrial Corp. U.S.A. be cited to appear herein and that after a trial Plaintiff be awarded all relief requested herein, prejudgment interest, post-judgment interest, costs and all other relief to which Plaintiff may be justly entitled.

    Respectfully submitted,

    */s/ Robert W. Schroeder III*
    Robert W. Schroeder III    (Texas Bar No. 24029190)
    PATTON, TIDWELL & SCHROEDER, L.L.P.
    4605 Texas Boulevard * Post Office Box 5398
    Texarkana, Texas 75505-5398
    Telephone: (903) 792-7080 * Telecopier: (903) 792-8233

    *Attorneys for Plaintiff*

-5-

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this pleading was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rules CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by regular mail on this the 30th day of December 2009.

              */s/ Robert W. Schroeder III*_____